GILBERTO ISAAC SÁNCHEZ, Plaintiff and Appellant, *v.* UNIVERSAL C.I.T. CREDIT CORPORATION OF AMERICA, Defendant and Appellee.

No. R-62-271.     Decided October 27, 1967.

*Nachman and Feldstein* and *Miguel Matos Colón* for appellant.
*Benicio Sánchez Rivera, Gustavo Adolfo del Toro Bermúdez,*
and *Ana R. Rodríguez Olazagasti* for appellee.

MR. JUSTICE RAMÍREZ BAGES delivered the opinion of the Court.

A motor vehicle having been repossessed for default in the monthly payments in accordance with a conditional sales contract, and the vehicle having been sold in public auction after following the normal steps of said procedure, without the owner of the vehicle having appeared at the auction after having received from the marshal, who attached the vehicle, the necessary papers to be informed of the existence of the repossession proceeding, and without having filed any allegation in his defense or in opposition to the creditor's claim, can the former sue the latter for damages on the ground that the repossession was unlawful because the plaintiff was up-to-date in his payments under the aforesaid conditional sales contract?

The trial court did not "commit" error in concluding that the judgment in the repossession case constitutes a collateral estoppel for the owner of the vehicle in the case, and therefore in sustaining the defense of res judicata.

In his findings of fact and conclusions of law, the trial judge held that:

"The complaint filed in this case alleges two causes of action. In the first cause of action damages are claimed because of the supposed unlawful proceedings of the defendant in

initiating under the authority of Act No. 61 of April 13, 1916, as amended, a repossession proceeding before the District Court of Puerto Rico, San Juan Part, for the purpose of obtaining, as it did obtain, the repossession of a Ford automobile, 1958 model, motor C-8-E-X-184403 which at that time was in the possession of the plaintiff herein for having acquired it under the terms, conditions and clauses of a conditional sales contract the assignee being the defendant herein, Universal C.I.T. Credit Corp. of Puerto Rico. The plaintiff continues alleging that in said repossession proceeding and as ground or reason for initiating it, the complainant and defendant herein alleged the nonperformance of the contract by the plaintiff herein, Gilberto Isaac Sánchez, said nonperformance consisting in the default in the payment of the notes corresponding to the months of March and April 1962; that the allegations, made in said repossession proceeding by the defendant herein, were false since on the date the proceeding was initiated the plaintiff Gilberto Isaac Sánchez did not owe any money to the Universal C.I.T. Credit Corporation, nor was he in arrears on the monthly payments which he was bound to make in accordance with his contract.

"As a second cause of action he alleges that when the marshal of the District Court of Puerto Rico took possession of the aforesaid motor vehicle, inside the car there was a toolbox valued at one hundred dollars ($100.00), property of Mr. José E. Velázquez, and which was being transported for pay by plaintiff herein. That in spite of his claims, neither the marshal nor defendant acceded to return said toolbox for which reason he had to pay its value to the legitimate owner.

"From the evidence presented it is inferred that within the repossession proceeding the Universal C.I.T. Credit Corp. requested and obtained an order to secure the effectiveness of the judgment. In compliance with said order the marshal proceeded to attach the automobile which was object of the repossession proceeding. In taking possession of the car, the marshal delivered all the necessary papers to the plaintiff herein so that the latter would be duly informed of the existence of the repossession proceeding and of the attachment which was being executed. Mr. Gilberto Isaac Sánchez took the documents delivered to him by the marshal to his lawyer, Román Santos Isaac, but for different reasons neither he nor his lawyer appeared in the District Court to allege his legal rights. In

view thereof, the repossession proceeding followed its normal course and the automobile, object thereof, was sold in due time at public auction.

"In our opinion there exists between the first cause of action alleged in the complaint and the review proceeding which took place before the District Court the most perfect identity between the things, causes, parties and their capacity as such. The nonperformance of the conditional sales contract due to default in monthly payments owed by the plaintiff herein was litigated in the District Court. In the case before our consideration, the first cause of action rests on the allegation that the defendant caused damages to plaintiff herein by instituting the repossession proceeding in the District Court alleging default in payment on his part when in reality he owed nothing to the Universal C.I.T. Credit Corporation of Puerto Rico. The fact of whether or not he owed any instalment to the defendant was adjudicated by the District Court. The plaintiff had his day in court, if he did not want to take advantage of it, it is his fault. The judgment of the District Court now constitutes a collateral estoppel for him, and it is conclusive as to those matters which in fact arose and which were actually or necessarily litigated or adjudicated. *Tartak* v. *District Court,* 74 P.R.R. 805. The plaintiff gives emphasis to the judgment of the Supreme Court of Puerto Rico in *Millán Soto* v. *Caribe Motors Corp.,* judgment of September 19, 1961. In our opinion, the facts of both cases are so different that the doctrine established therein is not applicable to the case under consideration."

In support of the present petition for review, appellant sets forth that:

1.—The action for damages was filed within 11 days after the order of restitution in the repossession proceeding, was rendered, that is, when said order had not yet become final.

In order to challenge said order appellant could have appealed to the court which issued it or to the Superior Court. However, he preferred to do it by means of a separate and independent action in support of which he cited *Millán* v. *Caribe Motors Corp.,* 83 P.R.R. 474 (1961), because in

this case the action of rescission of the conditional sales contract and of damages which we sustained was filed two days after the order of restitution in the repossession proceeding.

The reason for affirming the judgment in *Millán, supra,* was not, as appellant seems to indicate, that the action of rescission was filed within the term to appeal from the order of restitution. The ground for that decision was that the aforesaid order of restitution did not constitute res judicata in view of a complaint based on deceit and invalidity of the conditional sales contract. We added that "In view of the aforesaid nature of this proceeding [the one of repossession], we cannot inexorably require that other causes of action foreign to the repossession be litigated therein. The circumstances of a case such as this in which, in addition to the formal fatal defects in the contract—in violation of the specific law based on reasons of public policy—there also exists the element of deceit, warrant departure, by exception, from the general rule in the *Mattei* case, *supra.*" (*Mattei & Co., Inc.* v. *Maldonado,* 70 P.R.R. 443 (1949).)

In the case before us, the grounds for the action for damages was that the repossession based on default in the payment was void because at the time it was filed, the debtor was up-to-date in his payments. This question was litigated in the repossession proceeding and as the trial judge said "The fact of whether or not he owed any installment to the defendant was adjudicated by the District Court."[1]

2, 3, 4, 6 and 7.—Appellant sets forth that the trial court erroneously applied the doctrines of res judicata and the collateral estoppel by judgment. In support of these assignments he argues that:

---

[1] As a matter of fact the evidence shows that at the time of initiating the repossession proceeding appellant was in arrears in his payments under the conditional sales contract.

(a) the order of restitution partakes of the nature of an interlocutory decree. Since it was rendered in default no evidence was presented and the order has no findings of fact or conclusions of law which could serve as basis for considering it a judgment which bars a subsequent action on the merits in another different cause of action.

(b) the order of restitution was not final when the action for damages was initiated.

(c) the trial court did not have before it affirmative evidence of the former judgment. It only had the allegations and the admission of appellant to the effect that there was an order of restitution.

■ These arguments are groundless. In *Chase National Bank* v. *Colón*, 56 P.R.R. 281 (1940), we decided that the order of restitution in repossession proceedings is a judgment and it is appealable before a higher court. A former judgment can be invoked as res judicata although rendered in default, provided that there exists identity of the parties, representation, thing and cause, and that the court which rendered it has acted with jurisdiction. *Heirs of Zayas Berríos* v. *Berríos*, 90 P.R.R. 537 (1964); *Bolker* v. *Superior Court*, 82 P.R.R. 785 (1961).

With respect to the evidence of the order of restitution, the record shows that the appellee offered a certified copy thereof and of the repossession proceedings and that the appellant accepted the existence of said suit between the same parties and that the repossession was ordered for default in payment and that appellant did not appear, his default being entered.

Therefore, we conclude that the trial court did not commit the alleged errors.

■ 5, 8, 10 and 11.—Appellant sets forth that the trial court erred in not considering that the allegations were

amended by the evidence. It is based on an incident which occurred while Ruiz Pastrana testified.

He argues that the evidence was to the effect that the refinancing contract (the original sales contract provided monthly payments of $152.35; after the appellant made ten payments, he succeeded in having his contract substituted for another in such a manner that the debt could be paid in 20 monthly installments of $115.98 each, the first being payable on September 30, 1959—this last contract was the one which gave rise to the repossession proceeding) is void or voidable because usurious charges were made and it was accomplished in a manner contrary to the Conditional Sales Act, because in extending the maturity date of the debt it did not credit to the account the first payment made on August 31, 1959, in refinancing the balance to the original debt.

The record does not show that (1) appellant raised any contention in the trial court based on the alleged usurious charges; (2) nor that he moved for amendments of the allegations in order to conform same to the indicated evidence; (3) nor that the alleged charges were in effect usurious and that they had been paid by appellant.

The only incident which appears from the record with respect to the amendment of the allegations in order to conform them to the evidence arose in the course of the cross-examination of Ruiz Pastrana, the credit supervisor of the appellee, when he was asked at what price was the vehicle sold at the public auction. In objecting to the question because of its irrelevance, appellant stated that the purpose of the same was the following:

". . . An unlawful action was filed here, the entire course of the action was unlawful, even at the auction, the plaintiff did not receive notice, a vehicle valued at approximately three thousand dollars was sold at four hundred or three hundred odd dollars, and allegedly it is not known how it was done,

because the plaintiff was never notified, nor has he received any surplus amount from the value of that vehicle. We understand, respectfully, that what was initiated by an error continued to the end because of an error."

Later the same question arose when appellant asked said witness about the person who appeared at the auction of the vehicle. Appellant requested that the complaint be considered amended on the basis of the evidence presented so as to actually add a cause of action based on the fact that the procedure followed in the repossession proceeding was void.[2] But appellant did not offer evidence on this particular, nor does said evidence appear in the record.

During the course of this incident appellant argued that the fact of repossessing the vehicle because of default of two monthly payments, when in reality one payment was owed according to the testimony of the aforesaid credit supervisor, "made the repossession unlawful"; that the repossession proceeding is of a summary nature and therefore it should be construed restrictively; that this proceeding "should be conditioned to the fact that the allegations in the simple affidavit, which substitutes the ordinary complaint, be strictly correct"; that "the legal situation is similar to the requisite of exactness in the summary mortgage foreclosure proceedings"; that said situation prejudiced greatly the appellant because in exercising his right to recover his vehicle, he was required to pay $115.98 in excess of what he owed.

In the first place, there was no evidence of such prejudice. Appellant did not intervene, as he could have, nor did he take any steps in defense of his rights, in the repossession proceeding. He let the proceeding culminate in the order of restitution and sale of the vehicle.

---

[2] For the purposes of amending a complaint in order to conform it to the evidence, see Rule 13.2 of the Rules of Civil Procedure. *Heirs of Zayas Berríos* v. *Berríos, supra; Alvarado* v. *Bonilla,* 86 P.R.R. 464, 481 (1962); *Piovanetti* v. *Vivaldi,* 80 P.R.R. 108, 120–121 (1957).

■ On the other hand, the repossession proceeding cannot be compared to the summary foreclosure proceeding to the extreme of requiring in the former to adjust itself rigorously to the requisites and procedure of the proceeding. The repossession proceeding, although of a summary nature, does not preclude the debtor from appearing therein and from stating what should be proper at law. In *Mattei & Co.* v. *Maldonado, supra,* in permitting the debtor to invoke the defense of hidden defects in a repossession proceeding, we said that:

". . . that since the parties are before the court and said court has jurisdiction over them and over the matter and that as the parties are given the opportunity to appear and be heard regarding their claims and rights, the better practice should be to determine within the very action for recovery of possession such claims or rights, rather than to confine itself to the single fact of whether or not there has been noncompliance with the contract of conditional sale by the purchaser and, therefore, whether the restitution sought lies."

■ We said in *Millán, supra,* that our judgment therein constitutes an exception to the general rule in the *Mattei* case, *supra.* The defense of usurious payments as well as the defense that the repossession proceeding prescribed by law was not correctly followed (10 L.P.R.A. § 36), could have been adduced and litigated in said proceeding and, therefore, the *Mattei, supra,* doctrine is applicable. There is no justification for these defenses to serve as a basis for a subsequent action for nullity thus departing from the general rule which we established in *Mattei, supra,* because these causes of action are not extraneous to the repossession and because of their nature and circumstances they are completely different from those which justified the exception of said rule made in *Millán, supra.*

Therefore, we conclude that the trial court did not commit the error assigned.

9.—Appellant sets forth that the trial court erred in not deciding his motion for the continuation of the hearing in order to present new evidence which had not been previously discovered. There is no merit in this assignment because it was appellee who requested that the case be kept open to bring "a copy of the judgment in the repossession case as well as of the proceedings thereof." However, appellant accepted that the repossession took place between the same parties; that in said proceeding appellant's default was entered; that the marshal delivered to the latter the papers of the case, but he never appeared and that the ground for repossession was default of payment.

10.—Appellant argues that the court should abstain from applying the res judicata doctrine in this case in order to avoid that the ends of justice be frustrated. In support of this assignment he cites *Riera* v. *Pizá*, 85 P.R.R. 256 (1962).

■ We do not agree with appellant. Appellant had ample opportunity to state all his defenses in the repossession proceeding and he did not do so, dazzled, perhaps, by the idea that it was more advantageous economically to file an action for damages against the appellee. In *Riera, supra,* we reaffirmed that the doctrine of res judicata bars the litigation of a claim which was litigated and adjudicated or could have been litigated or adjudicated in a former suit between the same parties and involving the same cause of action.

For the reasons stated, the judgment rendered in this case by the Superior Court, San Juan Part, on October 2, 1962, will be affirmed.

Mr. Chief Justice Negrón Fernández did not participate herein. Mr. Justice Belaval dissented. Mr. Justice Santana Becerra concurs in the result only.

—O—

Mr. Justice Belaval, dissenting.

San Juan, Puerto Rico, October 27, 1967

This is an action for damages for the illegal repossession of a personal property seized by the defendant-appellee by means of a Claim and Delivery of Personal Property proceeding based on the default of payment of two of the installments stipulated in the conditional sales contract, when actually said installments had been paid by the plaintiff-appellant.

The reason for the trial court dismissing the first cause of action of the complaint was the following: "From the evidence presented it is inferred that within the repossession proceeding the Universal C.I.T. Credit Corp., requested and obtained an order to secure the effectiveness of the judgment. In compliance with said order the marshal proceeded to attach the automobile which was object of the repossession proceeding. In taking possession of the car, the marshal delivered all the necessary papers to the plaintiff herein so that the latter would be duly informed of the existence of the repossession proceeding and of the attachment which was being executed. Gilberto Isaac Sánchez took the documents delivered to him by the marshal to his lawyer Mr. Ramón [sic] Santos Isaac, but for different reasons neither he nor his lawyer appeared in the District Court to allege his legal rights. In view thereof, the repossession proceeding followed its normal course and the automobile, object thereof, was sold in due time at public auction. It is to the allegations of this first cause of action that the defendant raises the exception of res judicata and collateral estoppel by judgment . . . . In our opinion there exists between the first cause of action alleged in the complaint and the repossession proceeding which took place before the

District Court the most perfect identity between the things, causes, parties and their capacity as such. The nonperformance of the conditional sales contract, due to default in the monthly payments owed by the plaintiff herein, was litigated in the District Court. In the case before our consideration, the first cause of action rests on the allegation that the defendant caused damages to plaintiff herein by instituting the repossession proceeding in the District Court alleging default in payment on his part when in reality he owed nothing to the Universal C.I.T. Credit Corporation of Puerto Rico. The fact of whether or not he owed any installment to the defendant was adjudicated by the District Court. The plaintiff had his day in court; if he did not want to take advantage of it, it is his fault. The judgment of the District Court now constitutes a collateral estoppel for him, and it is conclusive as to those matters which in fact arose and which were actually or necessarily litigated or adjudicated . . . . The plaintiff gives emphasis to the judgment of the Supreme Court of Puerto Rico in *Millán Soto* v. *Caribe Motors Corp.*, judgment of September 19, 1961. In our opinion the facts of both cases are so different that the doctrine established therein is not applicable to the case under consideration."

The analogous facts of the case of *Millán* v. *Caribe Motors Corp.*, 83 P.R.R. 474, 478 (Rigau) (1961), are the following: "Millán purchased the truck on May 28, 1956. Because of mechanical defects, he returned it to the vendor in August of that year. On the basis of default payments corresponding to September, October, and November of 1956, the vendor, which had the truck in its possession, filed an action for repossession on December 7, 1956. The hearing for repossession was held in the District Court on January 8, 1957, at which Millán did not appear, and on that same day the District Court entered an Order of Restitution. Two days later, while the Order of Restitution was

not yet final, on January 10, 1957, Millán filed a complaint in the Superior Court against Caribe Motors Corporation praying for the rescission of the contract and the awarding of damages."

As may be seen the difference between both actions is, that one is based on fraud for a deceitful allegation on the deferred payment of the thing sold, while the other is based on a hidden defect of the thing sold. But on both occasions, the parties, without a doubt impressed by our former case law which limited the permissible allegations to the mere showing of payment or mechanical defect, chose the action for nullity on the ground of fraudulent allegation with damages and the rescissory action for hidden defect with damages, and on both occasions the defenses of the defendant were res judicata and collateral estoppel by judgment. Answering to the propriety of said defenses when they refer to a repossession proceeding of personal property, we held: "The order of restitution in the repossession proceeding did not constitute res judicata against Millán's complaint in the Superior Court because they are two different causes of action. The first was the conditional vendor's cause of action based on the vendee's nonpayment, while the second was the vendee's cause of action against the vendor based on deceit and nullity of the contract. In accordance with what was said in the case of Mattei, *supra*, the better practice would have been to litigate everything within the repossession proceeding, but in not doing so plaintiff Millán was not left defenseless and could bring the action for nullity and damages, as he did . . . . The doctrine of collateral estoppel by judgment does not apply either because, under that doctrine, the former judgment is conclusive only as to those matters which were actually raised and which were really or necessarily litigated and adjudicated, but it is not conclusive as to those matters

which, though involved in the case, were not litigated and adjudicated in the former action."

If we should decide to settle the judicial dilemma presented in this case along the simple and delicate rules of the orderly game of the proceeding, the merits of the issue would remain unsettled. It would be one more case decided with all the asepsis of the superficial trials but of which we would not even have been informed of the juridical facts or of the violation of law committed therein. The majesty of justice requires to delve always into the merits of the issues in controversy. Even in the most closed proceedings, when dealing with human rights or property rights, a door always remains open to the actions for nullity to restore the moral equilibrium between violence and equity, good and evil, apparent legality and undue advantage. Straight is that which is not crooked is an old Spanish saying. And it is our mission, as judges to straighten any crookedness that might appear in all issues which come to us, no matter the instrumental errors which might have been committed.

In this case there are also allegations of possible usury, the evil par excellence of our times. Irrespective of the moral cause, the confiscation of part of a monetary fund in favor of the State, compels us to study all cases of usury with extreme zeal since it is from the funds of the State that all the needy of human society derive their living. As to the second cause of action, connected with a toolbox object of the same attachment, we have nothing to decide because review of the decision in the second cause of action was not requested. I dissent.